_____

No. 96-1672MN
_____

John Edward Palmer,                    *
                                       *
              Appellant,               *    Appeal from the United States
                                       *    District Court for the District
     v.                                *    of Minnesota.
                                       *
Frank W. Wood,                         *              [UNPUBLISHED]
                                       *
              Appellee.                *
                              _____

                     Submitted:  October 23, 1996

                       Filed:  October 30, 1996
                              _____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
                              _____


PER CURIAM.


     John Edward Palmer was convicted of selling more than 200 dosage
units of LSD to a cooperating witness.  See Minn. Stat. § 152.021, subd.
1(3) (1992).  After the Minnesota Court of Appeals affirmed Palmer's
conviction, State v. Palmer, 507 N.W.2d 865 (Minn. Ct. App. 1993), Palmer
filed this 28 U.S.C. § 2254 petition for habeas relief.  The district court
denied Palmer's petition, and we affirm.


     Palmer contends the Minnesota drug statute is unconstitutionally
vague because the statute does not contain a comprehensible standard of
criminal conduct.  Although "dosage units" is not defined in the statute,
the term is commonly understood as the amount of an ingredient taken at one
time.  We thus reject Palmer's effort "to inject doubt [about] the meaning
of words where no doubt would be felt by the normal reader."  United States
v. Powell, 423 U.S. 87, 93 (1975).  In our view, "a

reasonably ascertainable standard of conduct is mandated; it is for [Palmer] to insure that his actions do not fall outside the legal limits." Id. at 92; see United States v. McKinney, 79 F.3d 105, 108 (8th Cir. 1996). The Minnesota Court of Appeals aptly observed that the number of dosage units may be established through witness testimony, and in Palmer's case, the testimony from the cooperating witness and a state chemist showed that Palmer sold more than 900 doses of LSD. Palmer, 507 N.W.2d at 868-69. "[T]he law is full of instances [like Palmer's] where a man's fate depends on his estimating rightly, that is, as the jury [later] estimates it, some matter of degree." Nash v. United States, 229 U.S. 373, 377 (1913).

Turning to Palmer's other contentions, Palmer's sufficiency of the evidence arguments are simply without merit. Gibson v. Bowersox, 78 F.3d 372, 374 (8th Cir. 1996) (standard of review). Likewise, we reject Palmer's contention the trial court improperly admitted his tape recorded conversations with the cooperating witness because the admission of the tape recordings did not deny Palmer a fair trial. Rainer v. Dep't of Corrections, 914 F.2d 1067, 1072 (8th Cir. 1990), cert. denied, 498 U.S. 1099 (1991).

We affirm the district court.

A true copy.

        Attest:


                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.